# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | CRIMINAL NO. A-96-CR-28(1) JN |
| § | |
| CHRISTOPHER SEAN CARTER § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on April 12, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On June 20, 1996, Judge Nowlin sentenced the Defendant to a 216 month term of imprisonment, followed by five years of supervised release, for the offense of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. Subsequent to the retroactive crack cocaine sentencing guideline amendments, the Defendant's sentence was reduced on March 3, 2008, to 173 months of imprisonment. The Defendant was released from the Bureau of Prisons on November 12, 2008, and began supervision.

With regard to drug use, the Defendant did well on supervision, as he did not turn in any urine samples that tested positive for any controlled substances. He did, however, get arrested on January 16, 2009, and was charged with a felony theft offense relating to the purchase of a number of automobile tires with personal checks on an account that had been closed. Further, he had lost his job in December 2008, and had not informed his officer of this.[1] When confronted by his probation officer about the new arrest, it is apparent that Carter either panicked, or gave up, or both. The end result was that, starting at least in February 2009, Carter stopped participating in his substance abuse program, and stopped reporting to his probation officer. On May 13, 2009, the undersigned authorized the issuance of a warrant. Carter was arrested during a traffic stop in October 2009, and both the warrant in this case, as well as a warrant related to the theft case, were found.

Carter ultimately pled guilty to the state charges on December 18, 2009, and was convicted of felony theft, misdemeanor theft by check, and failure to identify (during the October 2009 traffic stop). He received a six month sentence on the theft charge, a 150 day sentence on the misdemeanor charge, and ten days on the failure to identify. After serving all of his time on those sentences, he was transferred to federal custody on the revocation warrant.

On April 12, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C.

---

[1] Carter stated at the hearing that he was fired from the job because his boss became frustrated that Carter was having to miss work to provide random urine samples.

§ 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by: (1) committing new criminal offenses; (2) failing to report to his probation officer in February 2009 and thereafter; and (3) failing to participate in counseling sessions and provide urine samples as required.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. This is the Defendant's first appearance before a court since his supervision commenced. Further, the Defendant was found guilty and sentenced for the theft violations. Plainly, the Defendant made an unwise decision to run from these problems rather than confront them. Nevertheless, the Court is encouraged by the Defendant remaining drug free. Further, even with the reduced sentence, the Defendant spent over 13 years in the BOP, beginning at the age of 21, and a poor adjustment to supervision is frankly not unusual in these circumstances. Accordingly, the Court believes that the Defendant's supervision should be CONTINUED.

The Court warned the Defendant that because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and

Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of April, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE