IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL NO. A-96-CR-28(1) JN |
| § | |
| CHRISTOPHER SEAN CARTER § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on March 10, 2011, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On June 20, 1996, Judge Nowlin sentenced the Defendant to a 216 month term of imprisonment, followed by five years of supervised release, for the offense of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. Subsequent to the retroactive crack cocaine sentencing guideline amendments, the Defendant's sentence was reduced on March 3, 2008, to 173 months of imprisonment. The Defendant was released from the Bureau of Prisons on November 12, 2008, and began supervision. A previous revocation hearing was held in this case on

April 12, 2010, and the details of that proceeding are set out in the undersigned's Report and Recommendation dated April 12, 2010 (Clerk's Doc. No. 63).

The new allegations in the instant petition relate to the Defendant submitting a urine specimen on August 13, 2010, that tested positive for marijuana. As a meeting with the Probation Officer, the Defendant admitted to having smoked marijuana, and confirmed that in writing. The Defendant subsequently submitted positive specimens on six further instances between August 19 and September 23, 2010. Two of these positives indicated higher THC levels than the previous test, which is indicative of new use, although the Defendant denies any use beyond the one instance. Based on these facts, on October 27, 2010, the Defendant's conditions were modified to require placement at a halfway house. Because there was no space available, the Defendant remained on a waiting list for admission. On December 7, 2010, the Defendant submitted another urine specimen that tested positive, this time for cocaine. The result was confirmed by a laboratory analysis. The Defendant nevertheless denies that he used cocaine.

Based on the latter positive test, the Probation Office submitted its petition on February 7, 2011, and the undersigned authorized the issuance of a warrant on February 18, 2011. The Defendant was arrested on that warrant on March 1, 2011.

On March 10, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.     The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.     The Defendant violated conditions of his supervised release by using controlled substances.

## III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  The Defendant was before the undersigned a little under a year ago, and he was allowed to remain on supervision.  Because he was given a second chance at the last hearing and did not take full advantage of that opportunity, revocation is appropriate at this time. Having considered the above, the Court RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 5 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will

be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10$^h$ day of March, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE